■ PATRICIA SCALA, Plaintiff, v GREYHOUND LINES, INC., et al., Defendants and Third-Party Plaintiffs, et al., Third-Party Defendant and Second Third-Party Plaintiff, et al., Second Third-Party Defendant. (Action No. 1.) MICHAEL J. CATTI, Plaintiff, v GREYHOUND LINES, INC., et al., Defendants. (Action No. 2.) FREDERICK DECHRISTOPHER et al., Appellants, v MICHAEL J. CATTI et al., Respondents, et al., Defendant. (Action No. 3.)—Judgment of the Supreme Court, Bronx County (Anita Florio, J.), entered on July 27, 1987, which, following a jury trial, in action No. 3 found in favor of defendants Michael J. Catti and Van Wyk, Inc. and against plaintiffs Frederick DeChristopher and Barbara J. DeChristopher, is unanimously reversed on the law, the facts and in the exercise of discretion and the matter remanded for a new trial, without costs or disbursements.

This action, one of three lawsuits arising out of the same incident that were jointly tried, seeks damages for personal injuries suffered by plaintiff Frederick DeChristopher when the Greyhound bus which he was driving was involved in a collision with a tractor trailer owned and operated by defendant Michael Catti. The jury found that Greyhound Lines, Inc., through Frederick DeChristopher, was negligent and was the 100% proximate cause of the accident in question but that Michael Catti, while also negligent, was not a proximate cause of the accident. Damages were thereafter awarded, including $1.5 million for plaintiff Frederick DeChristopher and $1 million for plaintiff Barbara DeChristopher. On appeal, plaintiffs contend, and we agree, that they were deprived of a fair trial as a result of the unprofessional carnival-like atmosphere permeating the entire proceedings. In that regard, language was repeatedly uttered in the course of the trial that was so inflammatory and vituperative as to be more appropriate for a barroom than a courtroom. Indeed, the conduct of the trial

frequently became so highly charged and uncontrollable as to preclude an impartial, dispassionate consideration of the evidence by the jury *(see, Zaulich v Thompkins Sq. Holding Co., 10 AD2d 492, 497-498)*. Accordingly, the judgment must be reversed and a new trial held. Concur—Ross, J. P., Carro, Milonas, Rosenberger and Ellerin, JJ.